PROYOSTY, J.
The plaintiff, D. K. Yantis, and his brother, H. D. Yantis, own 294 of the 300 shares of the capital stock of the defendant corporation, in the proportion of 144 shares to plaintiff and 150 to the brother. Plaintiff is treasurer-secretary, and his brother president.
The property of the corporation consists of a farm of 146 acres in Calcasieu parish and another farm of 2S0 acres in Allen parish about 48 miles apart, all rice land, and some agricultural implements and work stock of little value, and about ISO head of cattle. The two brothers have had a falling out, and plaintiff sues for the appointment of a receiver. In the lower court plaintiff stated that a liquidation would be undesirable— in fact, disastrous — and that what was desirable was the appointment of a receiver to carry on the business of the corporation.
[1] Plaintiffhas had charge and control of of the Calcasieu parish farm and of all the cattle. His brother has had charge and control of the Allen parish farm. Plaintiff, of course, does not base his demand upon any mismanagement' of his own, but solely on that of his brother; and that is said to have consisted, mainly, in that, instead of seeking to cultivate in rice the Allen parish farm for the crop year 1917, he sought to lease it. ¡ The suit was. filed on December 29, 1917. The evidence shows that, as the consequence of having been cultivated for a number of ydars continuously in rice, the place had become badly infested with red rice, so that it was advisible to let it lie out, or idle for at least one season, or else, if possible, put it in corn or some crop other than rice, and that H. D. Yantis concluded to lease it at $5 per acre, which was about the highest rent paid for rice lands in that neighborhood. We can discover no mismanagement in this.
[2] H. D. Yantis would seem to be of quick temper, and a good “scrapper” at that, for, in the five fights which he admits to have had with as many different antagonists his uncontradicted statement is that in each case the antagonist got “just what he deserved.” Much reliance is placed by plaintiff on this mental peculiarity of his brother’s, which, he says, stands in the way of the company’s obtaining financial assistance, and there is no doubt that, for some reason or other, the brother is persona non grata with some of the bankers of Lake Charles; but, as he well observes in his testimony, these bankers are not the only financial sources in the world. The land is salable at $35 to $40 an acre, and the debts, all secured by mortgage, amount to $10,421.08; the cattle, of course, are, in these times, very valuable. So that there is an ample margin between the assets and the debts for serving as security for a loan, and usually a loan may be obtained when there is security to offer.
[3] Plaintiff also complains that his brother does not co-operate with Mm for procuring funds for feeding the cattle, etc. But sufficient funds for that purpose might have been had by selling some of the cattle, as had been done in the past. The fact that a chattel mortgage rested on the cattle had not proved an obstacle in the past to some of them being sold, and no reason is assigned why it should not have continued to be no obstacle. The *489 natural increase of the cattle would, no doubt, keep up the number of mortgaged head. If the cattle branch of the business cannot support itself, the thing to do would be to get rid of it; not to appoint a receiver to manage it.
The disagreement between the brothers seems to have arisen out of this cattle branch of the business, of which H. D. Xantis is under the impression his brother is not rendering him a faithful account.
[4] The brothers, we gather, are men of family, and past middle age; and their corporation (which is more like a partnership) is of recent formation — May, 1914. The two, furnishing their experience and services gratis, can -administer the business of the company more economically, if not' better, than a receiver could do. So thought our learned brother below.
Judgment affirmed.
O’NIELL, J., dissents.
DAWKINS, J., takes no part.